IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| DARRELL GENE PHILLIPS,<br>BOP ID 59546-019,<br>　　　Movant,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br>　　　Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255<br><br>CRIMINAL ACTION FILE<br>NO. 4:07-CR-40-1-HLM-WEJ<br><br>CIVIL ACTION FILE<br>NO. 4:16-CV-305-HLM-WEJ |

## FINAL REPORT AND RECOMMENDATION

Proceeding pro se, federal inmate Darrell Gene Phillips has filed another motion pursuant to 28 U.S.C. § 2255 to challenge his convictions and sentence. See [292]. For the following reasons, the undersigned **RECOMMENDS** that this case be **SUMMARILY DISMISSED** and that a Certificate of Appealability be **DENIED**.

Mr. Phillips is serving a "564-month total sentence imposed for drug and firearms offenses, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 924(c)." United States v. Phillips, 370 F. App'x 973, 973 (11th Cir. 2010) (per curiam). In 2010, the United States Court of Appeals for the Eleventh Circuit affirmed that sentence on direct appeal. Id.

In 2011, Mr. Phillips filed pro se a motion pursuant to 28 U.S.C. § 2255. See [196].  Later that year, the Honorable Harold L. Murphy, United States District Judge, denied Mr. Phillips's § 2255 motion.  See [201].

Judge Murphy construed later filings by Mr. Phillips in 2011, 2013 and 2015 as second or successive § 2255 motions and denied them without prejudice because Mr. Phillips lacked the required certification under § 2255(h) from the Eleventh Circuit.  See [217], [238] & [283].

In a filing docketed in March 2016, Mr. Phillips applied to the Eleventh Circuit for certification to file a second or successive § 2255 motion.  See In re: Phillips, No. 16-11123-D (11th Cir. 2016) (available on www.pacer.gov).  By Order issued on March 29, 2016, the Eleventh Circuit denied Mr. Phillips' request for certification to file a second or successive § 2255 motion.  See [286].

Nonetheless, in October 2016, Mr. Phillips filed pro se the § 2255 motion now pending before the Court.  See [292].

Without the required certification from the Eleventh Circuit, this Court lacks jurisdiction to consider Mr. Phillips's second or successive § 2255 motion.  See, e.g., Burton v. Stewart, 549 U.S. 147, 152-57 (2007) (per curiam) (holding that when an applicant does not seek or obtain authorization from the appropriate court

of appeals to file a second or successive habeas petition in the district court as required by § 2244(b)(3), the district court lacks jurisdiction to consider the application); In re Bradford, 830 F.3d 1273, 1276-78 (11th Cir. 2016) (per curiam) (applying Burton in a § 2255 case).

Because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, [this Court] must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4(b).

Furthermore, Mr. Phillips does not meet the requisite standard for issuance of a Certificate of Appealability.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); see also Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (holding that the Slack v. McDaniel standard will be strictly applied prospectively).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED**, this 9th day of November, 2016.


_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE