# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

DARRELL GENE PHILLIPS,

v.

CRIMINAL ACTION FILE NO.: 4:07-CR-040-01-HLM-WEJ

CIVIL ACTION FILE NO.: 4:16-CV-0305-HLM-WEJ

UNITED STATES OF AMERICA.

## ORDER

This case is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, which Petitioner filed under 28 U.S.C.A. § 2255 ("§ 2255 Motion") [292], and on the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [293].

**I.  Standard of Review for a Report and Recommendation**

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The Court therefore must conduct a <u>de novo</u> review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir. 2006); <u>Jeffrey S. by Ernest S. v. State Bd. of Educ.</u>, 896 F.2d 507, 513 (11th Cir. 1990); <u>United States v. Gaddy</u>, 894 F.2d 1307, 1315 (11th Cir. 1990); <u>LoConte v. Dugger</u>, 847 F.2d 745, 750 (11th Cir. 1988).  If no party files a timely

objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

Petitioner initially filed his § 2255 Motion in the United States District Court for the Middle District of Florida, which transferred the Motion to this Court. (§ 2255 Mot. (Docket Entry No. 292) at 1.) On November 9, 2016, Judge Johnson issued his Final Report and Recommendation. (Final Report & Recommendation (Docket Entry No. 293).)

3

Judge Johnson recommended that the Court dismiss Petitioner's § 2255 Motion. (Id.)

As of the date of this Order, the Clerk's docket indicates that Petitioner has not filed Objections to the Final Report and Recommendation. (See generally Docket.)[1] The time period in which Petitioner could file Objections has expired, and the Court concludes that the matter is ripe for resolution.

## III. Discussion

The Court agrees with Judge Johnson that Petitioner's § 2255 Motion is a second or successive § 2255 Motion, and that Petitioner has not obtained the required

---

[1] On November 22, 2016, the Clerk received a letter from Petitioner. (Letter (Docket Entry No. 295).) That letter, which reflects Petitioner's mistaken and unfounded beliefs about a number of issues in this case, does not warrant rejecting the Final Report and Recommendation. (See generally id.)

4

certification from the United States Court of Appeals for the Eleventh Circuit to file a second or successive § 2255 Motion. (Final Report & Recommendation at 2.) Without that certification, the Court lacks jurisdiction to consider the instant § 2255 Motion. (Id. at 2-3.) The Court therefore adopts the Final Report and Recommendation and dismisses the § 2255 Motion. Further, for the reasons set forth in the Final Report and Recommendation, the Court declines to issue a certificate of appealability. (Id. at 3).

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [293], and **DISMISSES** Petitioner's § 2255 Motion [292] as a second or successive § 2255 Motion. The Court **DECLINES** to issue a certificate of

5

AO 72A
(Rev.8/8

appealability.  Finally, the Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with the § 2255 Motion: Civil Action File No. 4:16-CV-0305-HLM-WEJ.

IT IS SO ORDERED, this the 5 day of December, 2016.

_____
UNITED STATES DISTRICT JUDGE

6

AO 72A
(Rev.8/8
2)